UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BARBARA LEONARDI,

                              Plaintiff,                    MEMORANDUM AND ORDER

   -against-                                              CV 11-4827 (LDW) (GRB)

UNITED STATES OF AMERICA,

                              Defendant.
----------------------------------------------------------X

WEXLER, District Judge

      Plaintiff Barbara Leonardi ("Leonardi") brings this personal injury action against defendant United States of America for injuries she allegedly sustained in a trip and fall in a parking lot near Melville Hall at the U.S. Merchant Marine Academy in Nassau County, New York. Defendant moves for summary judgment under Federal Rule of Civil Procedure 56. Leonardi opposes the motion.

      Leonardi maintains that, while volunteering at a fundraising event at Melville Hall, she tripped and fell when her left foot got caught in a crack in the asphalt of the parking lot as she was walking to her car. Leonardi describes the parking lot surface where she tripped and fell as a mess, with cracks all over and a pothole two or three feet thick. Leonardi's expert witness, engineer Joseph Cannizzo, found that cracks in the specific location where Leonardi fell were one-half inch or deeper, and that, in his opinion, the parking lot was in an advanced stage of disrepair and deterioration.

      Defendant maintains that there is no evidence that it had either actual or constructive notice of the alleged dangerous spot over which Leonardi contends that she tripped and fell and that, even if Leonardi can prove notice, the evidence as to the dimensions of the claimed cracks

2

and surface height differential (of approximately one-half inch) is, as a matter of law, a trivial, non-hazardous condition under New York law.  Leonardi maintains that the evidence is sufficient to show that defendant had constructive notice for years of the advanced deteriorated state of disrepair of the portion of the parking lot where she tripped and fell, and that defendant has not shown that the alleged defective condition is a trivial, non-hazardous condition as a matter of law.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FRCP 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In determining whether the movant is entitled to judgment as a matter of law, a court must draw all reasonable factual inferences in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Upon consideration, the Court finds that summary judgment is not warranted, as there is a genuine dispute of material fact as to whether defendant had notice of the alleged defective condition, and the Court cannot say, as a matter of law, that the alleged defective condition is a trivial, non-hazardous condition under New York law.  Accordingly, defendant's motion for summary judgment is denied.

SO ORDERED.

                                                            /s/
                                              LEONARD D. WEXLER
                                              UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       April 2, 2013