UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BARBARA LEONARDI,

                              Plaintiff,                FINDINGS OF FACT AND
                                                          CONCLUSIONS OF LAW

       -against-                          CV 11-4827 (LDW) (GRB)

UNITED STATES OF AMERICA,

                              Defendant.
-------------------------------------------------------X

WEXLER, District Judge

       Plaintiff Barbara Leonardi ("Leonardi") brings this personal injury action against

defendant United States of America for injuries she allegedly sustained in a trip and fall in a

parking lot near Melville Hall at the U.S. Merchant Marine Academy (the "Academy") in Nassau

County, New York.  The following are the Court's findings of fact and conclusions of law

following a bench trial.


                                   I.  FINDINGS OF FACT

       Leonardi claims that she tripped and fell in the public parking lot adjacent to Melville

Hall on May 23, 2010, at approximately 6:15 p.m.  After arriving at the parking lot near Melville

Hall earlier that day, she walked several times between her car and Melville Hall to deliver raffle

prizes.  She tripped and fell that evening as she was returning to her car with a shopping bag full

of supplies.  When Leonardi tripped and fell, it was still light out, there were no shadows

covering the parking lot, and nothing blocked her view of the ground as she walked from

Melville Hall to her car.

Before the incident, Leonardi noticed the condition of the parking lot and the area in which she claims that she tripped, having walked through or by that area a number of times earlier in the day.  She described that area as deteriorated asphalt, but she could not identify the exact spot where she tripped.  Leonardi was not prevented from walking around and avoiding the area over which she claims that she tripped.

Leonardi offered expert testimony from Joseph Cannizzo ("Cannizzo"), a licensed professional engineer.  Cannizzo testified that the parking lot was severely deteriorated.  He testified that the height differentials of cracks in the parking lot surface measured approximately three-eighths to five-eighths of an inch.  However, he did not know the exact spot where Leonardi claims to have tripped.  Indeed, he did not speak with her to see if she could provide him with that information.  Moreover, although he measured the depth of cracks, he did not measure the length or width of any alleged cracks or the circumference of any pothole, and he could not identify the exact spots that he claims to have measured.  Interestingly, Cannizzo did not mention these measurements in a September 15, 2010 initial report that he submitted in support of Leonardi's claim.  Cannizzo did not know, and could not estimate, when the condition of the pavement in the Melville Hall parking lot became a tripping hazard, but he acknowledged that there was nothing concealing the parking lot condition, as the condition was open and obvious.

In any event, Cannizzo testified that the condition of the parking lot violated generally accepted safety engineering standards, including those of the American Society of Testing Materials ("ASTM") and the American National Standards Institute ("ANSI").  Cannizzo was not aware of any New York law or code that adopted the ASTM or ANSI standards he cited, and

he admitted there is no evidence that the Academy adopted those standards.  Moreover, he was
not aware of any specific code or regulation that the Academy should have followed for
maintaining the parking lot, and he could not identify what industry standards apply to asphalt
maintenance there.

John McCormick ("McCormick") served as the interim head of the Academy's
maintenance and repair department ("M&R") from approximately 2009 to 2011.  According to
McCormick, M&R relies on the Academy community (including cadets, employees, contractors,
building managers, and security personnel) to identify and call in potential maintenance and
repair issues around the campus.  McCormick testified that he had walked through the parking lot
adjacent to Melville Hall at least once a week.  McCormick did not consider the condition of the
parking lot to be a safety concern.

Academy security personnel patrol the entire campus, including the subject parking lot,
many times each day.  By practice, security personnel would notify M&R about potential safety
issues.  Security personnel never notified M&R about a safety issue with the parking lot.

Richard Stancati ("Stancati"), the Melville Hall building manager, testified that he had
walked through the parking lot approximately once every other day for 21 years and that it was
his practice to notify M&R about potential repair issues in and around Melville Hall.  Stancati
did not believe the parking lot posed a safety issue.

The parking lot was accessible to all Academy attendees, including approximately 500 to
600 weekly visitors to Melville Hall.  No one – including Leonardi – ever complained to anyone
at the Academy about the condition of the parking lot, and no one has ever reported being injured
in the parking lot.  Indeed, Leonardi did not notify anyone at the Academy of her alleged trip and

fall, and no Academy witness became aware of any incident in the parking lot that occurred on that date.

## II.  DISCUSSION AND CONCLUSIONS OF LAW

Under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, tort liability is governed by the law of the state where the alleged accident occurred – here, New York.  *Makarova v. United States*, 201 F.3d 110, 114 (2d Cir. 2000).  Under New York law, to prove negligence in a trip and fall case, a plaintiff must prove (1) that a hazardous or dangerous condition existed; (2) that the defendant either created the condition or had actual or constructive knowledge of it and failed to correct it within a reasonable time after acquiring such knowledge; and (3) that the plaintiff's injury was proximately caused by the hazardous or dangerous condition.  *See, e.g. Wisner v. United States*, 1994 WL 698626, at *3 (N.D.N.Y. Dec. 5, 1994); *Edwards v. Terryville Meat Co.*, 577 N.Y.S.2d 477, 478 (2d Dep't 1991).

Upon consideration, the Court concludes that Leonardi failed to prove that defendant was negligent or that the alleged hazardous or dangerous condition was a proximate cause of her injuries.  As an initial matter, the evidence does not establish that the condition of the parking lot was hazardous or dangerous.  As defendant argues, Cannizzo's conclusions are largely speculative and unreliable.  *See* Fed. R. Evid. 702; *Kelsey v. City of New York*, 2007 WL 1352550, at *5-6 (E.D.N.Y. May 7, 2007).  More importantly, his determination that the height differential in the parking lot walking surface was under five-eighths of an inch is not sufficient to satisfy Leonardi's burden.  The alleged defect was not hazardous or dangerous; rather, it was too trivial to be actionable.  *See, e.g., Christian v. United States,* 859 F. Supp. 2d 468, 476

(E.D.N.Y. 2012) (in granting summary judgment dismissing claim under New York law, finding alleged height differential of one-and-one-quarter inches in sidewalk trivial and not actionable); *Natijehbashem v. United States,* 828 F. Supp. 2d 499, 507 (E.D.N.Y. 2011) (in granting summary judgment dismissing claim under New York law, finding alleged height differential of one-inch in walking surface " 'too trivial to be actionable as a matter of law' "); *Riser v. New York City Housing Auth.*, 688 N.Y.S.2d 645, 646 (2d Dep't 1999) (in affirming grant of summary judgment dismissing claim, finding alleged one inch height differential in walking surface too trivial to be actionable); *Kosarin v. W&S Assocs., LP*, 774 N.Y.S.2d 420, 421 (2d Dep't 2004) (in affirming grant of summary judgment dismissing claim, finding alleged depression in pavement too trivial to be actionable).

Despite plaintiff's arguments, the ASTM and ANSI guidelines do not define the standard of care in New York. Rather, a property owner owes a duty to maintain its property in a reasonably safe condition to prevent foreseeable injuries. *See Basso v. Miller*, 40 N.Y.S.2d 233, 241 (1976). A property owner has "no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous." *Salomon v. Prainito*, 861 N.Y.S.2d 718, 719 (2d Dep't 2008). Generally, a condition is not "hazardous" or "dangerous" if it was readily observable through the ordinary use of the senses. *Jang Hee Lee v. Sung Whun Oh*, 771 N.Y.S.2d 134, 135 (2d Dep't 2004); *see also Gransbury v. K Mart Corp.*, 646 N.Y.S.2d 406, 407 (3d Dep't 1996) (duty extends "only to conditions that are not readily observable"); *De Rossi v. Golub Corp.*, 619 N.Y.S.2d 195, 195-96 (3d Dep't 1994) (same). Liability will not attach "when the allegedly dangerous condition complained of was open and obvious, particularly where the injured plaintiff was aware of it." *Nardi v. Crowley Marine*

*Assocs., Inc.*, 741 N.Y.S.2d 246, 247 (2d Dep't 2002).  Here, the condition of the parking lot was open and obvious, and not inherently hazardous or dangerous.  The condition of the surface was readily observable to pedestrians through an ordinary use of their senses.  Indeed, Leonardi was aware of the parking lot's condition and had walked over the subject area many times before.

Moreover, Leonardi failed to prove that defendant either created the alleged hazardous or dangerous condition in the parking lot or had notice of it.  To the contrary, no one had ever complained to Academy personnel about the parking lot's condition or reported an injury in the parking lot related to the condition of the pavement.  Indeed, the parking lot apparently had been traversed by countless pedestrians over a long period of time without incident.  *Cf. Zuppardo v. State*, 588 N.Y.S.2d 401, 402 (2d Dep't 1992) (finding no actual notice where "campus security officer . . . [testified] that he was not aware of any similar incident previously occurring in that area during his 19 years of patrolling the campus, and that no report of any similar occurrence at that location was on file").

As for proximate cause, although Leonardi's inability to identify the "exact spot" over which she tripped is not fatal to her claim, she failed to prove that an alleged hazardous or dangerous condition in the parking lot caused her fall.  Under the circumstances, the Court is unable to conclude that the condition of the pavement was a proximate cause of her injury.  *See, e.g., Louman v. Town of Greenburgh*, 876 N.Y.S.2d 112, 114 (2d Dep't 2009) (finding plaintiff unable to establish cause of her trip and fall where "she arrived at the conclusion that she tripped over the crack only after her daughter inspected the area where the accident occurred, on the day following the occurrence, and reported to her mother that she observed a crack at that location"); *see also Hartman v. Mountain Valley Brew Pub, Inc.*, 754 N.Y.S.2d 31, 32 (2d Dep't 2003)

7

(finding plaintiff's "admission at her deposition that she could not identify the alleged defect that caused her to fall is fatal to the complaint since the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation").

Negligence cannot be inferred from the mere fact that an accident occurred, nor can it be established by speculation or surmise.  *See Bernstein v. City of New York*, 69 N.Y.2d 1020, 1021-22 (1987).  While the Academy's maintenance and inspection practices leave something to be desired, the Court does not find that any shortcoming in that respect amounted to negligence or proximately caused the alleged incident.

## III.  CONCLUSION

For the above reasons, plaintiff Leonardi has failed to prove her claim against defendant. The Clerk of Court is directed to enter judgment for defendant and to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
           September 18, 2013